# EXHIBIT A

Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Michelle Treviño, Esq. (S.B. #315304)
**SCOTT COLE & ASSOCIATES, APC**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:  scole@scalaw.com
Email:  lvannote@scalaw.com
Email:  mtrevino@scalaw.com
Web:  www.scalaw.com

Attorneys for Representative Plaintiff,
the Plaintiff Class, and Aggrieved Employees

Mollie M. Burks, Esq. (S.B. # 222112)
Nicholas A. Deming (S.B. # 287917)
**GORDON & REES SCULLY MANSUKHANI LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile:  (415) 986-8054
Email:  mburks@grsm.com
Email:  ndeming@grsm.com

Attorneys for Defendant
Hotel Valencia Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MORGAN MCSHAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOTEL VALENCIA CORPORATION and DOES 1 through 100, inclusive,<br><br>Defendants. | **Case No. 5:19-CV-03316-LHK**<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE TO SETTLE CLASS ACTION**<br><br>**Honorable Lucy H. Koh**<br><br>**Complaint Filed: April 10, 2019** |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1  It is hereby stipulated and agreed by and among the undersigned Parties, subject to the approval

2  of the Court, that the full and final Settlement of this Action shall be effectuated upon and subject

3  to the following terms and conditions.

4      This Settlement Agreement and Release of Claims ("Settlement Agreement") is entered

5  into by and between Defendant Hotel Valencia Corporation ("Valencia") and Plaintiff Morgan

6  McShan ("Representative Plaintiff") on behalf of himself individually, and on behalf of all

7  members of the "Plaintiff Class" as described herein.

8                          **DEFINITIONS**

9      1.    "Action" means the proceeding captioned *McShan v. Hotel Valencia Corp., et al..*

10  (Case No. 5:19-CV-03316-LHK), filed in the United States District Court for the Northern District

11  of California.

12      2.    "Attorneys' Fees and Costs" means attorneys' fees for Class Counsel's litigation

13  and resolution of the Action, and all costs incurred and to be incurred by Class Counsel in the

14  Action, including but not limited to, costs associated with documenting the Settlement, providing

15  any notices required as part of the Settlement and/or pursuant to Court Order, securing the Court's

16  approval of the Settlement, administering the Settlement, obtaining entry of a Judgment

17  terminating the Action, and expenses for any experts. Class Counsel will apply for, and Defendant

18  will not oppose, attorneys' fees not to exceed Twenty-Five Percent (25%) of the Gross Settlement

19  Fund. The Attorneys' Fees and Costs will also mean and include the additional reimbursement of

20  any costs/expenses associated with Class Counsel's litigation and settlement of the Action, subject

21  to the Court's approval. Defendant has agreed not to oppose Class Counsel's request for fees and

22  reimbursement of costs as set forth above. If the Court does not approve an award of 25% of the

23  Gross Settlement Fund and/or the full amount of costs requested, the difference between this/these

24  amount(s) and the actual amount(s) approved shall be returned to the Net Settlement Fund to be

25  distributed to the Settlement Class Members, according to the formula set forth below. These fees

26  and costs are included in, and come from, the Gross Settlement Fund and will be paid directly to

27  Class Counsel by the Settlement Administrator. Only Class Counsel will be issued an IRS Form

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1099 for their award of attorneys' fees. No portion of these fees shall be part of any Form 1099 issued to the Representative Plaintiff.

3.    "Class Counsel" means Scott Cole & Associates, APC.

4.    "Class Notice" means a form providing notice to the Plaintiff Class, which the Parties will work in good faith to finalize prior to filing the motion for preliminary approval of the Settlement.

5.    "Compensable Pay Period" means any pay period in which a member of the Plaintiff Class received wages for hours worked during the Settlement Period.

6.    "Defendant" means Hotel Valencia Corporation.

7.    "Defendant's Counsel" means:
Gordon & Rees Scully Mansukhani LLP
Mollie M. Burks
Nicholas A. Deming
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

8.    "Releasees" means Defendant Hotel Valencia Corporation and each of its past, present and/or future, direct and/or indirect, officers, directors, owners, employees, agents, principals, representatives, fiduciaries, attorneys, accountants, auditors, consultants, partners, investors, shareholders, administrators, insurers and reinsurers, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and/or any related party that was or could have been named as a defendant in the Action.

9.    "Effective Date" means the date on which the District Court's Order granting final approval of this Settlement Agreement ("Final Approval Order") becomes final. The District Court's Order "becomes final" upon the last of the following to occur:

    a.    If there are no objections to this Settlement Agreement, or if any objection is filed and subsequently withdrawn, the date of Entry of the Final Approval Order. Class Counsel shall not be required to file and/or serve a Notice of Entry of Judgment or similar Notice for the Effective Date to occur;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

b.    If there are objections to this Settlement Agreement, and if an appeal, review, or writ is not sought from the Order, the 65th day after entry of the Final Approval Order; or

c.    If an appeal, review, or writ is sought from the Final Approval Order, the date after the Final Approval Order is affirmed or the appeal, review, or writ is dismissed or denied, and the Final Approval Order is no longer subject to further review or modification.

10.    "Final Judgment" shall mean a judgment issued by the Court at or after the Final Approval Hearing, in accordance with the terms herein approving this Settlement Agreement as binding upon the Parties and dismissing the Action with prejudice. The Final Judgment shall constitute a judgment respecting the Parties.

11.    "Gross Settlement Fund" refers to the amount of Three Hundred and Sixty-Five Thousand Dollars ($365,000), which represents the maximum amount payable in this Settlement by Defendant (notwithstanding payment by the employer of its share of payroll taxes, which shall remain the Defendant's obligation and not be subtracted from the Gross Settlement Fund), which includes, without limitation, the payments to the members of the Plaintiff Class, the attorneys' fees and costs, the costs of settlement administration by the Settlement Administrator, the enhancement awards to the Representative Plaintiff, and payment to the California Labor & Workforce Development Agency ("LWDA") for release of claims under the Private Attorneys General Act ("PAGA") pursuant to California Labor Code §§ 2699, et seq., all as further described below.

12.    "Net Settlement Fund" shall be calculated by deducting approved Class Counsel's attorneys' fees and litigation costs, the enhancement award to Representative Plaintiff, the payment to the LWDA for release of claims under PAGA (California Labor Code §§ 2699, et seq.), and the fees and expenses of the Settlement Administrator from the Gross Settlement Fund.

13.    "Parties" refers to Plaintiff Morgan McShan, the Plaintiff Class, and Defendant, collectively.

14.    "Plaintiff Class" comprises all current and former non-exempt employees who were employed by Defendant in California during the Settlement Period.

15.    "Released Claims" shall mean all known and unknown claims, charges, complaints, obligations, promises, agreements, suits, rights, costs, losses, liens, penalties, fines, wages,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-4-

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1    liquidated damages, restitutionary amounts, interest, punitive damages, controversies, liabilities,

2    debts, obligations, money owed, interest, guarantees, costs, expenses (including, without

3    limitation, back wages, penalties, liquidated damages, and attorneys' fees and costs actually

4    incurred), attorneys' fees and costs, damages, actions or causes of action of any nature, known or

5    unknown, suspected or unsuspected, which were raised, or could have been raised, based upon the

6    facts any of the facts, circumstances, transactions, events, occurrences, acts, disclosures,

7    statements, omissions or failures to act that (a) were asserted in the operative Complaint filed in

8    the ACTION, or (b) which might have been asserted in the operative Complaint filed in the

9    ACTION (whether in tort, contract, or otherwise) and which arise from the facts, circumstances,

10   or legal theories alleged in the operative Complaint filed in the Action, under state, federal, or local

11   laws or regulations.  The Released Claims include, without limitation (A) any alleged failure to

12   pay all wages owed to Class Members; (B) any alleged failure to pay "premiums" for missed, late,

13   or interrupted meal or rest breaks, or to provide such breaks; (C) any alleged failure to pay overtime

14   wages to Class Members and/or to ensure that overtime compensation was properly calculated;

15   (D) any alleged failure to pay all wages due upon separation of employment, (E) any alleged failure

16   to pay wages on a timely basis during employment; (F) any alleged failure to issue accurate

17   paystubs; (G) any alleged failure to keep required payroll records; and (H) any alleged violation

18   of California Business and Professions Code Section 17200.  They include claims for unpaid

19   wages, economic damages, non-economic damages, amounts due under California's Private

20   Attorney General Act ("PAGA"), restitution, statutory penalties, civil penalties, interest, attorneys'

21   fees and costs, and/or any other monetary losses or obligations of any kind to the extent they arise

22   from or relate to the facts, circumstances, and legal theories alleged in the operative Complaint

23   filed in the Action.

24        16.    "Representative Plaintiff" refers to Plaintiff Morgan McShan.

25        17.    "Settlement Administrator" refers to the third-party company responsible for

26   administering the Settlement. The Settlement Administrator shall be Simpluris.

27        18.    "Settlement Administration Expenses" are those expenses incurred by the

28   Settlement Administrator in effectuating the Settlement.

<div style="writing-mode: vertical">SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800</div>

-5-

JOINT STIPULATION OF SETTLEMENT AND RELEASE TO SETTLE CLASS ACTION

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

19.   "Settlement Class" and/or "Settlement Class Members" refers collectively or individually to those members of the Plaintiff Class who do not timely submit a valid opt-out(s) consistent with the processes described herein.

20.   "Settlement Period" is April 10, 2015 through December 9, 2019.

## BACKGROUND

21.   On April 10, 2019, Plaintiff filed a Class Action Complaint alleging various wage and hour claims against Defendant. On June 11, 2019, Defendant filed an Answer to Plaintiff's Complaint denying all claims and asserting its affirmative defenses. On November 5, 2019, Plaintiff filed a First Amended Complaint adding a cause of action for civil penalties pursuant to the PAGA to the Complaint. On November 20, 2019, Defendant filed an Answer to the First Amended Complaint denying all claims and asserting its affirmative defenses.

22.   This Settlement Agreement affects claims of the Plaintiff Class arising during the Settlement Period. Representative Plaintiff alleges that Defendant violated wage and hour laws and seeks, on his own behalf, as well as on behalf of the class alleged therein, unpaid wages and interest thereon, penalties, unreimbursed business expenses, liquidated damages, equitable relief, and reasonable attorneys' fees and costs, under, *inter alia*, Title 8 of the California Code of Regulations, California Business & Professions Code §§ 17200, *et seq.*, various Industrial Welfare Commission Wage Order(s), California Code of Civil Procedure §1021.5, and various provisions of the California Labor Code.

23.   Defendant denies all of the claims, contentions, and each and every allegation made by Representative Plaintiff and in the Action, including, without limitation, that any such conduct was willful on the part of Defendant. In addition, nothing herein shall be deemed to waive Defendant's objections and defenses to class certification or any other issue relating to or arising from the allegations set forth in Plaintiff's pleadings filed in the Action. Nothing contained in this Settlement Agreement, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing by Defendant.

24.   The Parties intend to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising during the Settlement Period alleged by the Plaintiff Class in the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1   Complaint for Damages and/or any amendments and/or modifications thereto, as well as known

2   and unknown claims which could have been brought based on the specific factual allegations

3   contained therein, including, but not limited to claims for unpaid wages, unpaid overtime, record-

4   keeping violations, paycheck violations, meal period and rest period violations, "waiting time"

5   penalties, and PAGA claims, which arose between April 10, 2015 to December 9, 2019.

6       25.     The Parties intend that this Settlement Agreement shall include a full and complete

7   settlement and release, as described herein, and which includes in its effect all of the Releasees.

8       26.     Class Counsel represent that they have conducted a sufficiently thorough

9   investigation into the claims of the Plaintiff Class against Defendant. Based on their own

10  independent investigation and evaluation and all known facts and circumstances, including the risk

11  of significant defenses asserted by Defendant, Class Counsel are of the opinion that the Settlement

12  is fair, reasonable, and adequate and is in the best interest of the Plaintiff Class.

13      27.     The Parties agree to cooperate and take all steps necessary and appropriate to obtain

14  preliminary and final approval of this Settlement and to effectuate all aspects of this Settlement

15  Agreement.

16                  **SETTLEMENT CERTIFICATION OF THE PLAINTIFF CLASS**

17      28.     For settlement purposes only, the Parties agree that the Plaintiff Class (as defined

18  in the First Amended Complaint) shall be certified. This Settlement Agreement is contingent upon

19  the approval and certification by the Court of the Plaintiff Class for settlement purposes only.

20  Defendant does not waive, and instead expressly reserves, its rights to challenge the propriety of

21  class certification for any purpose should the Court not approve the Settlement Agreement.

22  Defendant denies all claims as to liability, damages, penalties, interest, fees, restitution, injunctive

23  relief and all other forms of relief asserted in the Action. Defendant has agreed to resolve the

24  Action via this Settlement but, to the extent this Settlement is deemed void or the Effective Date

25  does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all

26  such claims and allegations in the Action upon all procedural, merit, and factual grounds,

27  including, without limitation, the ability to challenge Representative Plaintiff's statutory wage and

28  hour and PAGA claims on any grounds, as well as asserting any and all other privileges and

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1    potential defenses. The Representative Plaintiff agrees that Defendant retains and reserve these

2    rights, and the Representative Plaintiff agrees not to argue or present any argument, and hereby

3    waives any argument that, based on this Settlement, Defendant cannot contest Representative

4    Plaintiff's statutory wage and hour claims and/or PAGA claims, on any grounds whatsoever, or

5    assert any and all other privileges or potential defenses if this Action were to proceed. In

6    connection with the proposed certification of the Plaintiff Class, the Parties shall cooperate and

7    present to the Court for its consideration competent evidence, as may be requested by the Court,

8    under the applicable due process requirements and standards for class certification.

9                        **SETTLEMENT APPROVAL PROCEDURE**

10           29.     This Settlement Agreement will become final and effective upon occurrence of all

11   of these (subsections (a) through (e), inclusive) events:

     a.    Execution of this Settlement Agreement by the Parties and their respective counsel of record;

     b.    Entry of an Order by the Court (i) granting preliminary approval of the Settlement Agreement, including conditional certification of the Plaintiff Class for settlement purposes only, (ii) approving the proposed Class Notice (which the Parties will work on in good faith prior to filing the motion for preliminary approval of the Settlement), and (iii) scheduling a hearing date for final approval of the Settlement Agreement;

     c.    Filing by Class Counsel, at least five (5) calendar days prior to the final approval hearing, the Settlement Administrator's written verification that the Class Notice has been disseminated in accordance with the Court's preliminary approval Order;

     d.    Entry of an Order by the Court granting final approval of the Settlement Agreement; and

     e.    Occurrence of the Effective Date, as defined above.

     **SETTLEMENT PAYMENT AND CALCULATION OF CLAIMS**

     30.     In consideration of the mutual covenants and promises set forth herein, the Parties agree, subject to the Court's approval, as follows:

     31.     <u>Settlement Amount</u>. Defendant agrees to pay a Maximum Settlement Amount of Three Hundred and Sixty-Five Thousand Dollars ($365,000.00). This amount includes: (i) payments made to Settlement Class Members as described in this Settlement Agreement, (ii) an

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1    enhancement award (i.e., service payment) to the Representative Plaintiff (of up to $2,500), (iii)

2    $3,000 (75% of the $4,000 allocated as PAGA penalties) to the LWDA for its share of the

3    settlement of claims; (iv) fees and expenses of the Settlement Administrator; (v) Class Counsel's

4    approved attorneys' fees, and (vi) Class Counsel's approved litigation costs.   Under no

5    circumstances shall Defendant be required to pay any other amounts as a consequence of this

6    Settlement (notwithstanding payment by the employer of its share of payroll taxes, which shall

7    remain the Defendant's obligation and not be subtracted from the Gross Settlement Fund).

8        32.    No later than forty-five (45) days following entry of the Final Approval Order,

9    Defendant shall deliver to the Settlement Administrator the Gross Settlement Fund.

10        33.    The LWDA, the Representative Plaintiff (for his enhancement award payment),

11    Class Counsel (for their awarded attorneys' fees and expenses), the Settlement Administrator (for

12    its fees and expenses) and Settlement Class Members will be mailed their portions of the Gross

13    Settlement Fund by the Settlement Administrator within ten (10) business days after receipt of

14    Defendant's payment of the Gross Settlement Fund.

15        34.    Payments to the California Labor & Workforce Development Agency. The Parties

16    shall apply to the Court for approval of a payment under PAGA. The Parties have agreed to allocate

17    Four Thousand Dollars ($4,000) (the "PAGA Payment") from the Gross Settlement Fund towards

18    a release of the PAGA claims, as described more fully herein. The Parties agree that this amount

19    is reasonable in light of the facts and circumstances presented in the Action. If approved, the

20    LWDA shall be paid seventy-five percent (75%) of the total amount allocated towards PAGA

21    claims. If approved, twenty-five percent (25%) of the total amount allocated towards PAGA claims

22    shall be included in the calculation of the Net Settlement Fund and thereafter be distributed to the

23    Settlement Class in accordance with the terms of this agreement. In the event the LWDA or Court

24    rejects this allocation, the parties will meet and confer with the Court and the LWDA to reach a

25    penalty allocation that is acceptable to all parties and that does not materially alter the terms of the

26    Settlement Agreement. Notably, the LWDA has been notified of the pendency of the Action and

27    has elected not to pursue penalties or any other remedy for the alleged violations described in the

28    Action.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

35. <u>Enhancement Awards</u>. Subject to Court approval, in addition to any payment Plaintiff Morgan McShan receives in his capacity as a Class Member, Plaintiff will receive an enhancement award from the Gross Settlement Fund for his services as the Representative Plaintiff in an amount up to Two Thousand, Five Hundred Dollars ($2,500). If the Court does not approve the full amount sought for the enhancement award, the difference between this amount and the actual amount approved shall be returned to the Net Settlement Fund to be distributed to the Settlement Class Members according to the formula set forth below. The Representative Plaintiff's enhancement award will be distributed by the Settlement Administrator and will include the issuance of an IRS Form 1099 in connection with this payment. No other Form 1099s will issue to the Representative Plaintiff.

36. <u>Attorneys' Fees and Costs</u>. In conjunction with final approval of this Settlement Agreement, Class Counsel will apply to the Court for an award of attorneys' fees in an amount totaling up to 25% of the Gross Settlement Fund, plus actual costs. Defendant will not oppose such application. If the Court does not approve an award of 25% of the Gross Settlement Fund, the difference between this amount and the actual amount approved shall be returned to the Net Settlement Fund to be distributed to the Settlement Class Members, according to the formula set forth below. These fees and costs are included in, and come from, the Gross Settlement Fund and will be paid directly to Class Counsel by the Settlement Administrator. Only Class Counsel will be issued an IRS Form 1099 for their award of attorneys' fees. No portion of these fees shall be part of any Form 1099 issued to the Representative Plaintiff.

37. <u>Cost of Settlement Administration</u>. The fees and expenses of the Settlement Administrator shall be paid from the Gross Settlement Fund within ten (10) business days after Defendant fully funds the Gross Settlement Fund. If Defendant opts to terminate the Settlement Agreement pursuant to the terms of this agreement, then Defendant shall bear the cost of such fees and expenses. If the Settlement Agreement is not given final approval by the Court for any other reason, the Parties shall bear the cost of such fees and expenses equally. Simpluris has agreed to cap the settlement administration costs at $7,500.

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

38.    <u>Settlement Awards to Settlement Class Members</u>. Each Settlement Class Member shall be entitled to receive a pro rata portion of the Net Settlement Fund (his/her "Individual Settlement Share"), calculated based upon the number of Compensable Pay Periods worked thereby during the Settlement Period, divided by the total number of Compensable Pay Periods worked by all Settlement Class Members during said period. The Settlement Administrator will calculate the number of Compensable Pay Periods worked by Settlement Class Members, the amount to be paid per Compensable Pay Period, and the Individual Settlement Share to be paid to each Settlement Class Member. The payment to the Settlement Class Members shall be funded by the remainder of the Gross Settlement after funding the payments to the LWDA, the Representative Plaintiff (for his enhancement award payment), to Class Counsel (for their awarded attorneys' fees and expenses), and to the Settlement Administrator (for its fees and expenses).

## ALLOCATION AND TAX TREATMENT

39.    The Parties agree that 40% of the Individual Settlement Share that is distributed to each Settlement Class Member will be considered penalties, 40% will be considered interest, and 20% will be considered wages. The wages portion will be reported as such to each Settlement Class Member on an IRS Form W-2. Appropriate federal, state, and local withholding taxes will be taken out of the wage allocations, and each Settlement Class Member will receive an IRS Form W-2 with respect to this portion of the Individual Settlement Share. The penalties and interest portions will be reported as such to each Settlement Class Member via an IRS Form 1099.

40.    Any tax obligation arising from the Settlement Payments, the Representative Plaintiff's enhancement award, and/or Class Counsel's fees and costs made under the terms of this Settlement Agreement will be the sole responsibility of each person receiving such payment(s). Each Settlement Class Member is responsible to pay his or her portion of the taxes due on any payment he or she receives under this Settlement Agreement.

41.    <u>Tax Liability</u>. Defendant makes no representation as to the tax treatment or legal effect of the payments called for hereunder, and Plaintiff and Participating Class Members are not relying on any statement, representation, or calculation by Defendant or by the Settlement Administrator in this regard.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

42.  <u>Circular 230 Disclaimer</u>. EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR WILL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

43.  The employer's taxes include all statutory FICA, FUTA and California payroll and withholding taxes arising from any payments to Settlement Class Members and shall be paid by Defendant separately and apart from this Settlement Agreement. Such amounts will be computed by the Settlement Administrator based on the amounts paid to the Settlement Class Members. The

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1  Settlement Administrator shall be responsible for making all necessary filings in connection with

2  such payments.

3      44.   No Credit Toward Benefit Plans. The Individual Settlement Payments made to

4  Participating Class Members under this Settlement, as well as any other payments made pursuant

5  to this Settlement, will not be utilized to calculate any additional benefits under any benefit plans

6  to which any Class Members may be eligible, including, but not limited to profit-sharing plans,

7  bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and

8  any other benefit plan. Rather, it is the Parties' intention that this Settlement Agreement will not

9  affect any rights, contributions, or amounts to which any Class Member may be entitled under any

10  benefit plans.

11      45.   No Prior Assignments. The Parties and their counsel represent, covenant, and

12  warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to

13  assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand,

14  action, cause of action or right herein released and discharged.

15              **APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

16      46.   The Settlement Administrator (Simpluris) will perform the duties of distributing

17  notice, independently reviewing requests for exclusion and objections, and verifying and

18  distributing any amounts due to Settlement Class Members as described in this Settlement

19  Agreement. The Settlement Administrator will report, in summary or narrative form, the substance

20  of its findings. All disputes relating to the Settlement Administrator's ability and need to perform

21  its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over

22  the terms and conditions of this Settlement Agreement, until all payments and obligations

23  contemplated by the Settlement Agreement have been fully carried out.

24      47.   Certification Reports Regarding Individual Settlement Payment Calculations. The

25  Settlement Administrator will provide Class Counsel and Defendant's Counsel a weekly report

26  that certifies the number of Class Members who have submitted valid Requests for Exclusion

27  and/or objections to the Settlement, and whether any Class Member has submitted a challenge to

28  any information contained in his/her Notice Packet. Additionally, the Settlement Administrator

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-13-
JOINT STIPULATION OF SETTLEMENT AND RELEASE TO SETTLE CLASS ACTION

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  will provide to counsel for both Parties any updated reports regarding the administration of the

2  Settlement Agreement as needed or requested.

3       48.    <u>Certification of Completion</u>. Upon completion of administration of the Settlement,

4  the Settlement Administrator will provide a written declaration under oath to certify such

5  completion to the Court and counsel for all Parties.

6  <div align="center">**NOTICE TO THE PLAINTIFF CLASS**</div>

7       49.    Subject to Court approval of its form and content, the Class Notice shall be sent to

8  the Plaintiff Class, by first class mail, within ten (10) business days of the entry of an Order

9  granting preliminary approval of this Settlement Agreement. The Class Notice will, subject to

10  Court approval, advise all Class Members of the nature of the case, the terms of the Settlement,

11  the binding nature of the release, the final approval hearing date, and Class Members' right to opt

12  out or object. The Settlement Administrator will, at the time of mailing of Class Notice, cause to

13  be published the Class Notice, the First Amended Complaint, this Settlement Agreement and the

14  Court's Order preliminarily approving the Settlement on a website designed for this Settlement,

15  with the URL for such website appearing in the mailed Class Notice.

16       50.    Within five (5) calendar days of the entry of an Order granting preliminary approval

17  of the Settlement and Class Notice, Defendant will provide the Settlement Administrator a

18  "Plaintiff Class List," which shall include the first and last name, the last known addresses, the

19  social security number, and the number of Compensable Pay Periods that each member of the

20  Plaintiff Class worked for Defendant during the Settlement Period. Defendant agrees to provide

21  the Plaintiff Class List in a format reasonably acceptable (including, but not necessarily limited to

22  MS Excel format) to the Settlement Administrator and Class Counsel. Within five (5) business

23  days of receipt of the Plaintiff Class List, Settlement Administrator shall mail the Notice Package

24  to all individuals on the Plaintiff Class List. The class list will be provided in good faith.  The

25  inadvertent exclusion of any Class Member(s) shall not comprise a breach of this Agreement.

26       51.    The Settlement Administrator will use the United States Postal Service National

27  Change of Address ("NCOA") List to verify the accuracy of all addresses on the Plaintiff Class

28  List before the initial mailing date to ensure that the Class Notice is sent to all Plaintiff Class

<div align="center">-14-

JOINT STIPULATION OF SETTLEMENT AND RELEASE TO SETTLE CLASS ACTION</div>

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1   Members at the addresses most likely to result in immediate receipt thereof. It will be conclusively

2   presumed that, if an envelope so mailed has not been returned within thirty (30) calendar days of

3   the mailing, the Class Member received the Class Notice. With respect to any returned envelopes,

4   the Settlement Administrator will perform a routine skip trace procedure to obtain a current address

5   and, if an updated address is located, shall then re-mail the envelope to such address within three

6   (3) court days of the receipt of the returned envelope. Plaintiff Class Members to whom Class

7   Notices were re-sent after having been returned undeliverable to the Settlement Administrator shall

8   have ten (10) calendar days thereafter to object or opt out of the settlement. Class Notices that are

9   so re-mailed shall be accompanied by a short cover letter from the Settlement Administrator

10  informing the recipient of this adjusted deadline. No third mailing shall occur without good cause,

11  as determined by the Settlement Administrator.

12      52.     Class Counsel shall provide the Court, at least five (5) calendar days prior to the

13  final approval hearing, a declaration by the Settlement Administrator of due diligence and proof

14  of mailing with regard to the mailing of the Class Notice.

15                  **CLAIM, OPT-OUT AND OBJECTION PROCESSES**

16      53.     Members of the Plaintiff Class shall not be required to submit claims and/or a claim

17  form, and absent a valid objection thereto or an election to opt out of the settlement, will receive

18  payment for their claims as set forth further in this agreement.

19      54.     Members of the Plaintiff Class may opt out of the Settlement by following the

20  directions in the Class Notice. Any such request must be postmarked not more than forty-five (45)

21  calendar days after the date the Class Notice is mailed to the Plaintiff Class ("General Opt-Out

22  Deadline"), or in the case of notices re-mailed under paragraph 51 above, not more than ten (10)

23  calendar days after the General Opt-Out Deadline ("Extended Opt-Out Deadline"). Requests to

24  opt out that do not include all required information, or that are not submitted on a timely basis,

25  will be deemed null, void, and ineffective. Persons who are eligible to and do submit valid and

26  timely requests to opt out of the Proposed Settlement will not participate in the Proposed

27  Settlement and will not be bound by the terms of the Proposed Settlement, if it is approved, or by

28  the Final Judgment in this Action.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-15-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

55.     By signing this Settlement Agreement, the Representative Plaintiff waives his right to opt out of the Settlement Class and any such request for an exclusion will be void and of no force and effect.

56.     Objections to the Proposed Settlement must be submitted to the Settlement Administrator and postmarked not more than forty-five (45) calendar days after the date the Class Notice is mailed to the Plaintiff Class ("General Objection Deadline"), or not more than ten (10) calendar days after the General Objection Deadline for any Class Notice that is re-mailed pursuant to paragraph 51 ("Extended Objection Deadline"). The Settlement Administrator shall promptly forward any objections received to counsel for the Parties and shall include all such objections, whether or not deficient, in a declaration to be filed with the Court by Class Counsel at least five (5) court days prior to the final approval hearing.

57.     Objections must describe why the objector believes the Settlement is unfair and whether the objector intends to appear at the final approval hearing. Deficient or untimely objections shall not be considered. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, unless otherwise ordered by the Court. Class Counsel and Defendant's Counsel may, at least five (5) court days (or some other number of days as the Court shall specify) before the Final Approval Hearing, file responses to any written objections submitted to the Court.

Any Class Member who fails to timely submit a written statement of his or her intention to object to the Settlement and Settlement Agreement shall be foreclosed from making any objection to this Settlement and Settlement Agreement, unless otherwise permitted by the Court.

58.     If a Class Member wishes to appear at the Final Approval Hearing and present his or her objection to the Court orally, he or she may do so. Any Class Member who files an objection remains eligible to receive monetary compensation from the Settlement. The Parties shall not be responsible for any fees, costs, or expenses incurred by any Class Member and/or his or her counsel related to any objections to the Settlement and/or appeals arising therefrom.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

59.     Upon completion of its calculation of payments, the Settlement Administrator will provide Class Counsel and Defendant's Counsel with a report listing the amount of all payments to be made to each Settlement Class Member. After receiving the Settlement Administrator's report, Class Counsel and Defendant's Counsel shall jointly review the Settlement Administrator's report to determine if the calculation of payments to Settlement Class Members is consistent with the terms of this Settlement Agreement.

60.     Defendant will not retaliate against members of the Plaintiff Class for any actions taken or not taken with respect to the Proposed Settlement or retaliate against the Representative Plaintiff for filing the litigation, and in response to any inquiry concerning the employment of the Representative Plaintiff with Defendant, Defendant will only provide a neutral statement regarding the Representative Plaintiff as to his dates of employment and job title.

**CLAIM AMOUNT DISPUTE PROCESS**

61.     The Class Notice will apprise each member of the Plaintiff Class of the approximate dates he or she held an eligible position during the Settlement Period as well as his or her total number of Compensable Pay Periods. These calculations shall be based on Defendant's records. Defendant's records are presumed to be accurate.

62.     If a member of the Plaintiff Class does not wish to challenge the information set forth in the Class Notice, then the member need do nothing, and payment (so long as member of the Plaintiff Class does not opt-out of the settlement altogether) will be made based on Defendant's records.

63.     If a member of the Plaintiff Class wishes to challenge the information set forth in the Class Notice, then the member must submit a written, signed challenge along with supporting documents, if any exist, to the Settlement Administrator at the address provided on the Class Notice within forty-five (45) calendar days of the date the Class Notice was mailed to the member of the Plaintiff Class (or within ten (10) calendar days of the date the Class Notice was re-mailed, in the circumstance described above).

64.     No dispute will be considered timely if it is postmarked more than the number of days set forth in the preceding paragraph of this Agreement. Absent an agreement between Class

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1    Counsel and Defendant's Counsel regarding how to address the dispute, the Settlement

2    Administrator shall have authority to resolve the challenge and make a final and binding

3    determination without hearing or right of appeal. Defendant agrees to provide the Settlement

4    Administrator with additional documents necessary to assess the challenge, if such documents

5    exist. All disputes shall be resolved, either by agreement of Class Counsel and Defendant's

6    Counsel, or by decision of the Settlement Administrator as provided herein, prior to submitting the

7    Settlement Administrator's declaration to the Court for final approval.

8         65.    Settlement checks issued to the Representative Plaintiff and Settlement Class

9    Members shall remain valid for one hundred and eighty (180) calendar days from the date of

10    issuance. This expiration or cancellation date shall be clearly printed on the front of the check

11    ("Void Date"). If the Representative Plaintiff or any Settlement Class Member does not cash his

12    or her settlement payment check(s) before the Void Date, the funds will be distributed to Legal

13    Aid at Work in San Francisco, CA. Settlement checks can be reissued to Settlement Class Members

14    upon request within this 180-day period, but any reissued checks shall have the same Void Date

15    as the original settlement check. Those Settlement Class Members who fail to cash their settlement

16    checks by the Void Date will be deemed to have waived irrevocably any right in or claim to any

17    proceeds from the Settlement and to any payments by Defendant, but the terms of this Agreement

18    shall remain binding upon them.

19                                 **RELEASES**

20         66.    <u>By Settlement Class Members</u>. The Parties desire to fully, finally, and forever

21    settle, compromise, and discharge all Released Claims.  As of the Effective Date, Plaintiff and all

22    Settlement Class Members hereby fully release and forever discharge Defendant and past, present,

23    and future parent companies, subsidiaries, divisions, related or affiliated companies, shareholders,

24    officers, directors, employees, agents, attorneys, insurers, investors, successors and assigns,

25    owners, officials, branches, partners, units, assigns, principals, heirs, representatives, accountants,

26    auditors, consultants, reinsurers, predecessors in interest, beneficiaries, subrogees, executors,

27    members, privies, administrators, fiduciaries, and trustees (the "Released Parties"), and any

28    individual or entity which could be jointly liable with Defendant, from any and all Released Claims

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

JOINT STIPULATION OF SETTLEMENT AND RELEASE TO SETTLE CLASS ACTION

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1    (as that term is defined in Paragraph 15 above).. Furthermore, Plaintiff and all Settlement Class

2    Members agree not to sue or otherwise make any claim against the Released Parties that in any

3    way relates to, or arises out of, the Released Claims.

4                                              **FINAL JUDGMENT**

5          67.    After and assuming Final Approval of the Settlement and of this Settlement

6    Agreement, and after and assuming final certification of the Class, the Parties shall obtain entry of

7    a Final Judgment.  It is expressly agreed by the Parties that the Court will retain jurisdiction to

8    enforce the terms of this Settlement Agreement and the Final Judgment.

9          68.    Provided that the Final Judgment is consistent with the terms and conditions of this

10   Settlement Agreement, Representative Plaintiff, as well as any Class Members who did not timely

11   submit an objection to the Settlement and appear at the Final Approval Hearing, hereby waive any

12   and all rights to appeal from the Final Judgment, including all rights to any post-judgment

13   proceeding and appellate proceeding, such as a motion to vacate or set aside judgment, a motion

14   for new trial, and any extraordinary writ, and the Final Judgment therefore will become final and

15   non-appealable at the time it is entered.  This waiver does not include any waiver of the right to

16   oppose any appeal, appellate proceedings, or post-judgment proceedings.

17                   **DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL**

18         69.    Class Counsel will be responsible for drafting all documents necessary to obtain

19   preliminary approval. Class Counsel shall promptly submit this Settlement Agreement to the Court

20   in support of Representative Plaintiff's Motion for Preliminary Approval for determination by the

21   Court as to its fairness, adequacy, and reasonableness and apply for the entry of a preliminary

22   Order substantially in the following form:

23

24         a.    Scheduling a fairness hearing on the question of whether the proposed
                 Settlement should be finally approved as fair, reasonable, and adequate as
25               to the Plaintiff Class;

26         b.    Approving the proposed Class Notice;

27         c.    Preliminarily approving the Settlement; and

28         d.    Preliminarily certifying the Plaintiff Class for purposes of settlement only.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

JOINT STIPULATION OF SETTLEMENT AND RELEASE TO SETTLE CLASS ACTION

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

### DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

70.     Class Counsel will be responsible for drafting all documents necessary to obtain final approval. Class Counsel will also be responsible for drafting the attorneys' fees and costs application to be heard at the final approval hearing. Following final approval by the Court of this Settlement Agreement, Class Counsel will submit a proposed final Order and judgment:

      a.     Approving the Settlement Agreement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

      b.     Approving and awarding Class Counsel's fees and costs, the settlement administration costs, and the enhancement awards as set forth in the Settlement Agreement; and

      c.     Entering judgment in accordance with the terms and conditions of the Settlement Agreement and retaining jurisdiction over the Parties to enforce the terms of the judgment.

### RIGHT TO WITHDRAW

71.     Notwithstanding any other provision contained in this Settlement, if more than five percent (5%) of all members of the Plaintiff Class submit timely and valid requests for exclusion from the Settlement during the Opt-Out Period outlined herein, Defendant shall have the option, in its sole discretion, to withdraw from this Settlement ("Right to Withdraw"), whereupon the Settlement shall be null and void for any and all purposes and may not be used or introduced in the Action or any other proceeding. In that instance, the parties will be restored to their respective positions in the litigation as if this Settlement was never negotiated, drafted, or agreed upon. However, if Defendant exercises its Right to Withdraw, Defendant will be responsible for all Settlement Administration Costs incurred up to the date when the Defendant exercises its Right to Withdraw. The Settlement Administrator shall notify Class Counsel and Counsel for Defendant of the number of timely opt-outs within five (5) business days after the expiration of the right of the Plaintiff Class Members to Opt-Out of the Settlement. If Defendant elects to exercise its Right to

JOINT STIPULATION OF SETTLEMENT AND RELEASE TO SETTLE CLASS ACTION

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   Withdraw under this provision, Defendant will so notify Class Counsel and the Court no later than

2   three (3) business days after receiving notice of the number of opt-outs.

3       72.     If the Court does not approve any material condition of this Settlement Agreement

4   or effects a fundamental change of the Parties' Settlement, with the exception of any changes to

5   the Class Notice, the award of Class Counsel's fees/costs, and/or the award of an enhancement

6   award, then the entire Settlement Agreement will be voidable and unenforceable at the option of

7   either Party hereto. In such case, the Settlement shall not be used or be admissible in any

8   subsequent proceeding, either in the Action, or in any other Court or forum. Any order or judgment

9   entered by the Court in furtherance of this Settlement Agreement will likewise be treated as void

10  from the beginning. Any funds paid into the Settlement Fund shall be returned to the Defendant,

11  less any deductions for reasonable costs incurred by the Settlement Administrator.

12      73.     Either Party may void this Settlement Agreement as provided in the preceding

13  paragraph in this Agreement, by giving notice in writing to all other Parties and the Court at any

14  time prior to final approval of the Settlement Agreement by the Court.

15  **PARTIES' AUTHORITY**

16      74.     Counsel for all Parties warrant and represent they are expressly authorized by the

17  Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate

18  action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to

19  effectuate its terms and to execute any other documents required to effectuate the terms of this

20  Settlement Agreement. The Parties and their counsel will cooperate with each other and use their

21  best efforts to affect the implementation of the Settlement. If the Parties are unable to reach

22  agreement on the form or content of any document needed to implement the Settlement, or on any

23  supplemental provisions that may become necessary to effectuate the terms of this Settlement, the

24  Parties may seek the assistance of the Court to resolve such disagreement.

25      75.     Representation By Counsel. The Parties acknowledge that they have been

26  represented by counsel throughout all negotiations that preceded the execution of this Settlement

27  Agreement, and that this Settlement Agreement has been executed with the consent and advice of

28

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1 counsel. Further, Representative Plaintiff and Class Counsel warrant and represent that there are

2 no liens on the Settlement Agreement.

3 **MUTUAL FULL COOPERATION**

4 76. The Parties agree to fully cooperate with each other to accomplish the terms of this

5 Settlement Agreement, including but not limited to, execution of such documents as may

6 reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this

7 Settlement Agreement shall use their best efforts, including all efforts contemplated by this

8 Settlement Agreement and any other efforts that may become necessary by order of the Court, or

9 otherwise, to effectuate this Settlement Agreement. As soon as practicable after execution of this

10 Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant's

11 Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

12 77. Defendant understands that, in the course of applying for settlement approval,

13 Representative Plaintiff may be required to submit sufficient evidence to support the fairness of

14 the proposed settlement terms. Defendant affirmatively agrees to assist and support Representative

15 Plaintiff in providing such evidence and, if requested by Representative Plaintiff, will provide

16 declaration(s) or other admissible evidence reflecting class size, compensation information, and

17 Compensable Pay Periods worked during the Settlement Period.

18 78. The Parties agree that neither they nor their counsel will solicit or otherwise

19 encourage, directly or indirectly, Class Members to request exclusion from the Settlement Class,

20 object to the settlement, or appeal the final judgment.

21 79. Waiver. No waiver of any condition or covenant contained in this Settlement

22 Agreement or failure to exercise a right or remedy by any of the Parties hereto will be considered

23 to imply or constitute a further waiver by such party of the same or any other condition, covenant,

24 right or remedy.

25 80. No claims resulting from payments. No person shall have any claim of any kind

26 whatsoever against any of the Parties, Defendant's Counsel, Class Counsel, any Class Members,

27 or the Settlement Administrator, based on the distribution of an Individual Settlement Share made

28 in accordance with this Settlement Agreement.

-22-
JOINT STIPULATION OF SETTLEMENT AND RELEASE TO SETTLE CLASS ACTION

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

81.    Invalidity of any provision.   Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.  The provisions of this Settlement Agreement are severable.  To the extent any provision is deemed unlawful, to the extent possible, such provision shall be severed and the remainder of the Settlement Agreement shall remain valid and enforceable.

## NO ADMISSION OF LIABILITY

82.    Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience, and expense. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. This Settlement Agreement is a settlement document and shall, pursuant to California Evidence Code Section 1152, et seq. and Federal Rules of Evidence Rule 408, et seq., be inadmissible as evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement Agreement.

## ENFORCEMENT OF THE SETTLEMENT AGREEMENT

83.    In the event that one or more of the Parties to this Settlement Agreement institutes any legal action, arbitration, or other proceeding against any other Party or Parties to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Settlement Agreement, the prevailing Party or Parties shall be entitled to recover from the non-prevailing Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## NOTICES

84.    Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be (a) in writing, (b) deemed given on the third business day after mailing, and (c) sent via United States registered or certified mail, return receipt requested, addressed as follows:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-23-

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

To Representative Plaintiff:

    Scott Edward Cole, Esq.
    SCOTT COLE & ASSOCIATES, APC
    555 12th St., Suite 1725
    Oakland, California 94607
    Email: scole@scalaw.com
    Telephone: (510) 891-9800

To Defendant:

    Mollie M. Burks, Esq.
    GORDON & REES SCULLY MANSUKHANI LLP
    275 Battery Street, Suite 2000
    San Francisco, CA 94111
    Telephone: (415) 986-5900

## CONSTRUCTION AND INTERPRETATION

85.     The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arm's-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

86.     Paragraph titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend and/or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

87.     This Agreement shall be subject to and governed by the laws of the State of California. The parties acknowledge that they are subject to the continuing jurisdiction of the Court to enforce the terms of the Settlement contained herein.

## AUTHORIZATION TO ENTER INTO SETTLEMENT AGREEMENT

88.     Each signatory to this Settlement Agreement hereby warrants and represents that he or she has the authority to execute this Settlement Agreement, thereby binding the respective party to take all appropriate action required or permitted to be taken by the Parties pursuant to this Settlement Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Settlement Agreement.

-24-

JOINT STIPULATION OF SETTLEMENT AND RELEASE TO SETTLE CLASS ACTION

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**MODIFICATION**

89.   This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.

**INTEGRATION CLAUSE**

90.   This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, with respect to such matters are extinguished. No rights hereunder may be waived or modified except in a writing signed by all Parties. This paragraph shall have no impact on the separate Severance Agreement entered into between the Parties contemporaneously with this Settlement Agreement.

**BINDING ON ASSIGNS**

91.   This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

**CLASS COUNSEL SIGNATORIES**

92.   It is agreed that it is impossible or impractical to have each member of the Plaintiff Class execute this Settlement Agreement. The Notice will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if each member of the Plaintiff Class executed this Settlement Agreement.

**COUNTERPARTS**

93.   This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Copies of the executed agreement shall be effective for all purposes as though the signatures contained therein were original signatures.

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

**ENTIRE AGREEMENT**

94.     This Settlement Agreement and its Attachments constitute the entire agreement of the Parties with respect to the matters discussed herein, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Attachments other than the representations, warranties, and covenants contained and memorialized in such documents.   All prior or contemporaneous negotiations, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.  Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this Settlement Agreement.

IN WITNESS WHEREOF, the parties, through counsel pursuant to Section 87 hereto knowingly and voluntarily executed this Joint Stipulation of Settlement and Release between Representative Plaintiff and Defendant as of the date(s) set forth below:

Dated: ___10/22/2020___, 2020          MORGAN MCSHAN

                                                                  *Morgan McShan*
                                                                  DocuSigned by:

                                                                  Representative Plaintiff

Dated: __October 22__, 2020            HOTEL VALENCIA CORPORATION

                                                                  Name:  David A. Miller
                                                                  Title  Chief Financial Officer

**_APPROVED AS TO FORM_**

Dated: __October 22__, 2020            SCOTT COLE & ASSOCIATES, APC

                                                                  By: *Laura VanNote*
                                                                  Scott Edward Cole, Esq.
                                                                  Attorneys for the Representative Plaintiff
                                                                  and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-26-
JOINT STIPULATION OF SETTLEMENT AND RELEASE TO SETTLE CLASS ACTION

DocuSign Envelope ID: 0847465D-EE8F-4077-AB16-52ECB3A195CC

1

2  Dated: _____October 22_____, 2020       GORDON & REES SCULLY MANSUKHANI LLP

3                                         By: _____

4                                            Mollie M. Burks, Esq.
                                             Attorneys for Defendant
5                                            Hotel Valencia Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-27-
JOINT STIPULATION OF SETTLEMENT AND RELEASE TO SETTLE CLASS ACTION