UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MORGAN MCSHAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOTEL VALENCIA CORPORATION,<br><br>　　　　Defendant. | Case No. 19-cv-03316-LHK<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 54 |

Before the Court is Class Counsel's motion for attorneys' fees. ECF No. 54 ("Mot."). The Court held a hearing on the motion on April 8, 2021. In response to the Court's questions at the hearing, Class Counsel filed a supplemental declaration regarding attorneys' fees on April 9, 2021. ECF No. 57. Having considered all the briefing, the oral arguments, the relevant law, and the record in this case, the Court hereby GRANTS Class Counsel's motion for attorneys' fees.[1]

---

[1] Class Counsel's motion for attorneys' fees contains a notice of motion that was filed and paginated separately from the memorandum of points and authorities in support of the motion. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities should be

1

Case No. 19-CV-03316-LHK
ORDER GRANTING MOTION FOR ATTORNEYS' FEES

## I. LEGAL STANDARD

"Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). To guard against an unreasonable result, the Ninth Circuit encourages district courts to "cross-check[] their calculations against a second method." *Id.* at 944. Accordingly, the Court calculates the attorneys' fees using the percentage-of-recovery method and then cross-checks its calculations against the lodestar method. *See id.* at 944–45.

"Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *In re Wa. Pub. Power Supply System Sec. Litigation (WPPSS)*, 19 F.3d 1291, 1302 (9th Cir. 1994). Thus, "fee applications must be closely scrutinized." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002). "Rubber-stamp approval, even in the absence of objections, is improper." *Id*.

Where the percentage-of-recovery method is used, it is well-established that 25% of a common fund is a presumptively reasonable amount of attorneys' fees. *In re Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award . . . ."). However, the Ninth Circuit has emphasized that "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino*, 290 F.3d at 1048. "Selection of the benchmark or any other rate must be supported by findings that take into account all the circumstances of the case." *Id.*; *see also WPPSS*, 19 F.3d at 1298 ("[C]ourts cannot rationally apply any particular percentage . . . in the abstract, without reference to all the circumstances of the case.").

---

contained in one document with the same pagination.

## II. DISCUSSION

Class Counsel has four requests: (1) an attorneys' fee award of 25% of the settlement fund, which is the benchmark percentage for attorneys' fees; (2) reimbursement of $6,673.02 in litigation expenses and $7,499 in settlement administration fees; (3) a service award of $2,500 to Class Representative Morgan McShan; (4) and an allocation of $5,000 to release the class's claims under California's Private Attorneys General Act ("PAGA"). Below, the Court briefly analyzes each of Class Counsel's requests. The Court ultimately concludes that all the requests are reasonable.

### A. The Court awards 25% of the settlement fund in attorneys' fees.

The Court grants Class Counsel's request for an attorneys' fees award of $91,250, which is 25% of the settlement fund. "[I]t is well-established that 25% of a common fund is a presumptively reasonable amount of attorneys' fees." *E.g.*, *Grace v. Apple*, No. 17-CV-00551-LHK, 2021 WL 1222193, at *1 (N.D. Cal. Mar. 31, 2021) (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)). The Court reaches this award based on consideration of the following factors: (1) the skills displayed by Class Counsel; (2) the risks taken by Class Counsel; and (3) the result achieved for the class. *See Vizcaino*, 290 F.3d at 1048–49 (weighing the risks taken by counsel and the result achieved for the class); *see also Serrano v. Priest*, 20 Cal. 3d 25, 49 (Cal. 1977) (stating factors under California law).

A lodestar cross-check also confirms the presumptive reasonableness of the 25% award, even though the asserted lodestar is inflated. Class Counsel assert that their lodestar is $197,395 for 354.7 hours of work, which results in a multiplier of 0.46. ECF No. 54-2 at 85 (all time entries). Where, as here, the lodestar is being used as a cross-check, courts may do a rough calculation "with a less exhaustive cataloging and review of counsel's hours." *E.g.*, *Young v. Polo Retail, LLC*, No. 02-CV-04546-VRW, 2007 WL 951821, at *6 (N.D. Cal. Mar. 28, 2007).

Here, even a "rough calculation" identifies excessive hours. Class Counsel's work in this case consists of the following: interviewing 5 class members, filing a fairly standard wage and

3

hour class action complaint, serving interrogatories and requests for admission, reviewing informal discovery for mediation, attending the mediation, settling the case, seeking preliminary approval of the settlement twice,[2] seeking final approval, and seeking attorney's fees and costs. Class Counsel did not produce any documents. Defendants did not serve any formal discovery responses or document productions. The parties did not prepare for or take any depositions. No motion to dismiss, motion for class certification or motion for summary judgment was filed.

Despite the fact that the case settled early, the majority of Class Counsel's billing throughout this case are for weekly team meetings involving generally 5 to 7 billers, some of whom bill as much as $950 an hour. ECF No. 54-2. These weekly meetings continued even after settlement and after preliminary approval of the settlement.

For much of two years, multiple billers billed 0.1 hours for weekly meetings even though there was little case activity. *See* ECF No. 52-2 at 1–28 (time entries for "Recurrent Legal Meeting," "Weekly Attorney Meeting," and entries describing Class Counsel's weekly meeting of all attorneys and paralegals). Certainly, some meetings are necessary. However, Class Counsel's meetings were excessive in terms of frequency, number of billers, level of seniority of the billers, and lack of activity in the case. *See, e.g.*, *Salgado v. T-Mobile USA, Inc.*, No. 1:17-CV-0339-JLT, 2020 WL 3127931, at *22 (E.D. Cal. June 12, 2020) (collecting cases on "unreasonable overstaffing" and excessive meetings).

Courts have reduced lodestars based on excessive meetings. *See, e.g., Grace*, 2021 WL

---

[2] Class Counsel had to seek preliminary approval twice because, under settled Ninth Circuit precedent, the class release in the first settlement agreement was overbroad. *See* ECF No. 31–32, 34 (identifying overbreadth and other defects); *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (limiting class releases). Class Counsel should not have sought preliminary approval of a settlement that violated Ninth Circuit precedent. Nor should Class Counsel bill the class for time spent fixing a flawed settlement. *See, e.g.*, *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2016 WL 7230873, at *11 (N.D. Cal. Dec. 14, 2016) (collecting cases excluding hours for clearly unmeritorious motions from counsel's lodestar).

1222193, at *1 (reducing fee award because of excessive meetings); *Salgado*, 2020 WL 3127931, at *22 (same). However, in the instant case, Class Counsel request an attorneys' fees award of $91,250, which is 25% of the settlement fund, even though their lodestar is $197,395. Thus, even if the Court were to reduce the lodestar for excessive meetings—and the amendment of the settlement agreement and motion for preliminary approval to conform with Ninth Circuit law— Class Counsel still performed enough work to justify a "presumptively reasonable" 25% fee award. *Grace*, 2021 WL 1222193, at *1. Accordingly, the Court awards Class Counsel 25% of the settlement fund: $91,250.

### B. Class Counsel's expenses are reimbursable.

In common-fund cases, the Ninth Circuit has stated that the reasonable expenses of acquiring the fund can be reimbursed to counsel who has incurred the expense. *See Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *Acosta v. Frito-Lay, Inc.*, No. 15-CV-02128-JSC, 2018 WL 646691, at *11 (N.D. Cal. Jan. 31, 2018) ("There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." (quoting *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014))). Expense reimbursements comport with the notion that the district court may "spread the costs of the litigation among the recipients of the common benefit." *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1121 (9th Cir. 2002).

Here, Class Counsel requests reimbursement of $6,673.02 in litigation expenses and $7,499 in settlement administration fees. The litigation expenses comprise $6,000 in mediation fees, $462 in filing fees, and essentially the remainder in copying fees. ECF No. 54-2 at 42. As for the settlement administration fees, they include the cost of sending the class notice, processing settlement checks, creating a website, and communicating with class members. *See* Jarrod Salinas Decl., ECF No. 54-4 (declaration from settlement administrator).

Having reviewed the submissions of Class Counsel, the Court finds that their requests for unreimbursed expenses are reasonable. Accordingly, the Court orders that $6,673.02 in litigation expenses and $7,499 in settlement administration fees be paid from the settlement fund to Class Counsel.

### C. The Court approves a service award for the Class Representative.

"[S]ervice awards 'have long been approved in the Ninth Circuit.'" *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2021 WL 1022866, at *11 (N.D. Cal. Mar. 17, 2021) (quoting *In re Lithium Ion Batteries Antitrust Litig.*, 2020 WL 7264559, at *24 n.24 (N.D. Cal. Dec. 10, 2020)). As the Ninth Circuit has explained, service awards "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009).

Here, Class Counsel request a $2,500 service award for the sole Class Representative, Morgan McShan. McShan contributed to the instant case by (1) testifying at a full-day deposition; (2) participating in a mediation; (3) asking several former coworkers to contact Class Counsel; and (4) providing factual background to support the lawsuit. McShan Decl. ¶¶ 8–13. Other courts have approved service awards based on similar contributions. *See In re Lithium Ion Batteries Antitrust Litig.*, 2020 WL 7264559, at *24 ($10,000 for "time spent in depositions and responding to discovery"). Under the circumstances, a service award of $2,500 is reasonable.

Accordingly, the Court hereby approves a $2,500 service award to Class Representative Morgan McShan.

### D. The Court approves the PAGA penalty.

Lastly, Class Counsel asks the Court to approve a PAGA penalty of $4,000—a payment for the release of claims under California's Private Attorneys General Act ("PAGA"). "[T]he Court evaluates the PAGA settlement in light of the PAGA requirement that the award not be

6

Case No. 19-CV-03316-LHK
ORDER GRANTING MOTION FOR ATTORNEYS' FEES

"unjust, arbitrary and oppressive, or confiscatory." *Ramirez v. Benito Valley Farms, LLC*, No. 16-CV-04708-LHK, 2017 WL 3670794, at *3 (N.D. Cal. Aug. 25, 2017) (quoting Cal. Labor Code § 2699(e)(2)).

Class Counsel's PAGA penalty is reasonable on two grounds. First, California's Labor and Workforce Development Agency ("LWDA") has not objected to the proposed PAGA penalty despite several opportunities to do so. Scott Edward Cole Decl. ¶ 35, ECF No. 54-1. Second, a PAGA penalty of $4,000 would represent about 5% of the estimated recovery on the PAGA claim here. Mot. at 16 (valuing PAGA claim at about $75,000). The Court has approved a similarly sized PAGA penalty where, as here, the litigation is in the "very early stage." *Ramirez*, 2017 WL 3670794, at *5 (approving penalty "representing only 4.5% of total estimated possible recovery").

Accordingly, the Court approves Class Counsel's requested PAGA penalty of $4,000. Pursuant to Class Counsel's request, $3,000 will be remitted to the LWDA and $1,000 will remain in the settlement fund.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for attorneys' fees. The Court orders the following:

- Attorneys' fees in the amount of $91,250 be paid to Class Counsel;
- $6,673.02 in litigation expenses and $7,499 in settlement administration fees be paid to Class Counsel;
- a $2,500 service award be paid to Class Representative Morgan McShan;
- Pursuant to Class Counsel's request, $3,000 of the $4,000 PAGA penalty will be remitted to the LWDA and $1,000 will remain in the settlement fund.

**IT IS SO ORDERED.**

Dated: April 9, 2021

7

Case No. 19-CV-03316-LHK
ORDER GRANTING MOTION FOR ATTORNEYS' FEES

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

---

8

Case No. 19-CV-03316-LHK
ORDER GRANTING MOTION FOR ATTORNEYS' FEES