UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MORGAN MCSHAN,<br><br>Plaintiff,<br><br>v.<br><br>HOTEL VALENCIA CORPORATION,<br><br>Defendant. | Case No. 19-cv-03316-LHK<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 54 |

Before the Court is Plaintiffs' motion for final approval of class action settlement ("Settlement"). ECF No. 54. On December 7, 2020, the Court preliminarily approved the Settlement, ECF No. 53 ("Preliminary Approval Order"). On April 8, 2021, the Court held a hearing to consider final approval of the Settlement. Having considered all the briefing, the arguments of counsel, the relevant law, and the record in this case, the Court hereby GRANTS the parties' motion for final approval of the Settlement and makes determinations as follows:

1.     Federal Rule of Civil Procedure 23(c)(2)(B) requires that the settling parties provide class members with "the best notice that is practicable under the circumstances, including

1

Case No. 19-CV-03316-LHK
ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The Court finds that the notice program, which was direct notice to all class members via U.S. Mail, has been implemented in compliance with this Court's Preliminary Approval Order and complies with Rule 23(c)(2)(B).

    2.    On December 7, 2020, this Court issued a Preliminary Approval Order preliminarily approving the Settlement and finding that the proposed Settlement Class meets the requirements of Rule 23 for the purposes of settlement. ECF No. 53. The Settlement Class is defined as "All current and former non-exempt employees who worked at any time for Defendant in California from April 10, 2015 through December 9, 2019 excluding any such individuals who opt out of this Settlement." The Court finds that the Settlement Class meets the Rule 23 requirements and certifies the Settlement Class.

    3.    The Court further finds that the terms of the Settlement are fair, reasonable and adequate to the Settlement Class and to each Settlement Class Member. As of the filing of the motion for final approval, there were no objections and only one opt out. ECF No. 54 at 19. Settlement Class Members who did not timely submit opt out forms will be bound by the Settlement.

    4.    The Court finds that the distribution plan is fair, adequate, and reasonable. Here, the amount of payments to each participating Settlement Class Member will be calculated based on each Settlement Class Member's share of the Net Settlement Fund, as determined by the number of compensable pay periods worked by each Settlement Class Member during the class

period. If a Settlement Class Member does not cash his or her settlement check within 180 days, the uncashed funds will be transmitted in accordance with California Code of Civil Procedure § 384(b) to Legal Aid at Work in San Francisco, CA.

5. The Court finds that the settlement administrator's fees are fair and reasonable.

6. The Settlement is ordered finally approved. All terms and provisions of the Settlement should be and hereby are ordered to be consummated.

7. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

**IT IS SO ORDERED.**

Date: April 9, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge